UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

HECTOR MIGUEL HERRERA-MORENO,

                Petitioner,

v.

UNKNOWN PARTY #1 et al.,

                Respondents.

_____/

Case No. 1:25-cv-1411

Honorable Hala Y. Jarbou

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action on November 11, 2025, by filing a counseled combined petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for emergency injunctive relief (Pet., ECF No. 1) and, shortly thereafter, an amended combined petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for emergency injunctive relief (Am. Pet., ECF No. 4). In response to the amended petition, Respondents filed a motion to dismiss (Mot. to Dismiss, ECF No. 6). For the following reasons, the Court will grant Respondents' motion to dismiss and will dismiss Petitioner's amended petition for a writ of habeas corpus.

**Discussion**

I.     **Procedural History**

In Petitioner's § 2241 amended petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, declare that Respondents' actions to detain Petitioner violate the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act

(INA), and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Am. Pet., ECF No. 4, PageID.38.)

In an order entered on November 14, 2025, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) On November 19, 2025, Respondents filed a motion to dismiss the amended petition (ECF No. 6), and that same day, Petitioner responded to the motion (ECF No. 10). On December 3, 2025, Respondents filed a reply in support of their motion to dismiss. (ECF No. 12.) Along with that motion, Respondents filed the Immigration Judge's order denying bond because "[Petitioner] did not establish he does not present a danger or flight risk." (Order, ECF No. 12-1, PageID.74.) On December 11, 2025, Petitioner filed a surreply, (ECF No. 15), and on December 18, 2025, Petitioner submitted the audio recordings of the Detroit Immigration Court's November 19 and December 3 hearings on Petitioner's second and third custody redetermination requests, (ECF No. 17).[1]

Petitioner has since filed a notice of post-briefing developments regarding Petitioner's continued detention (ECF No. 18), as well as a request for a status inquiry (ECF No. 19).

## II.    Factual Background

Petitioner is a citizen of Mexico who was admitted to the United States during the summer of 2004 as a nonimmigrant visitor. (Resp. Mem., ECF No. 7, PageID.45.) When Petitioner lawfully entered the United States using a border crossing card, he was 11 years old; he has

---

[1] Petitioner's initial custody redetermination request was denied by the Detroit Immigration Court because, at the time of the November 7, 2025, hearing, ICE had not yet filed a Notice to Appear (NTA) to commence removal proceedings against Petitioner, thereby depriving the court of jurisdiction. (Order, ECF No. 1-3, PageID.9–10.)

remained in the United States since entering in 2004. (Am. Pet., ECF No. 4, PageID.37.) Prior to

Petitioner's present detention, he resided in Illinois with his spouse and children, all of whom are

United States citizens. (*Id.*)

When the amended petition was filed on November 11, Petitioner sought habeas relief

because ICE had not yet filed an NTA to commence removal proceedings against Petitioner, and

because of this, the Detroit Immigration Court found that it lacked jurisdiction and had declined

to grant bond. The amended petition sought immediate release from custody or an order

compelling Respondents to file an NTA and then to hold a custody redetermination hearing

thereafter. By November 19, Respondents had filed an NTA, and on November 19, a custody

redetermination hearing was held in the Detroit Immigration Court.

At that hearing, Respondents submitted a "rap sheet" detailing various encounters between

Petitioner and law enforcement and the courts. Petitioner's counsel sought time to address the

matters referenced in the "rap sheet" and, accordingly, withdrew the custody redetermination

request without prejudice to its renewal. Immediately thereafter, Respondents filed the instant

motion to dismiss. (ECF No. 6.) Petitioner filed a response that day explaining that the November

19 hearing had not satisfied Petitioner's request for custody redetermination. (ECF No. 10.)

The Detroit Immigration Court heard Petitioner's renewed custody redetermination request

on December 3. That same day, the Immigration Judge entered the order denying bond, and

Respondents filed a reply explaining that, even if the November 19 hearing had not mooted the

amended habeas petition, the December 3 hearing certainly had done so. Petitioner filed a surreply

arguing that the hearing, as conducted, was constitutionally deficient. (ECF No. 15.)

III.    **Habeas Corpus Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual

detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Case or Controversy

"Federal courts are courts of limited jurisdiction which possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insur. Co. of Amer.*, 511 U.S. 375, 377 (1994). "Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). In *Brock v. United States Dep't of Justice*, 256 F. App'x 748 (6th Cir. 2007), the Sixth Circuit explained the requirement of an ongoing case or controversy in the context of habeas corpus proceedings:

> "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." [*Lewis*, 494 U.S. at 477.] To sustain jurisdiction in the present case, it is not enough that a dispute was alive when Brock's habeas corpus petition was filed in the district court. Brock must continue to have an actual injury that is capable of being redressed by a favorable judicial decision. *Id*.
>
> Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief. *Berger* [*v. Cuyahoga Cnty. Bar Assoc.*], 983 F.2d 718 [(6th Cir. 1993)].
>
> Here, the only relief that Brock sought in his habeas corpus petition was immediate consideration by the BOP of placement in a CCC. After filing his petition, however, Brock was subsequently placed in a CCC. Moreover, Brock was actually released on September 21, 2007.
>
> Because Brock has already been placed in a CCC, and was then released from custody, no actual injury remains which the Court could redress with a favorable decision in this appeal. *See e.g.*, *Elwood v. Sanders,* 152 F. App'x 558 (8th Cir. 2005); *Chhibba v. Fed. Bureau of Prisons*, 154 F. App'x 279 (3d Cir. 2005) . . . .

*Brock*, 256 F. App'x at 750 (parallel citations, citation, and footnote omitted).

4

Petitioner, like Brock, has already received the relief he requested in his habeas petition. In the amended petition, Petitioner argued that "[u]nder 8 U.S.C. § 1226(a) . . . [he was] entitled to [a] case-by-case custody review."[2] (Am. Pet., ECF  No. 4, PageID.38.) Respondents never contested that Petitioner was detained under § 1226(a); nor did Respondents dispute that a person detained under § 1226(a) was entitled to such a hearing. And, on December 3, 3025, Petitioner received a bond hearing under § 1226(a), which was the relief sought in the amended petition. Under the authority of *Brock*, the Court concludes that the amended petition has been rendered moot, leaving the Court without jurisdiction to proceed.

Petitioner now contends that the hearing was constitutionally deficient; however, this new claimed deficiency did not exist when Petitioner filed his petition or when he amended it. The constitutional wrong of which Petitioner initially complained has been remedied. The hearing required by the statute has been provided. Although Petitioner contends that his wrongful detention continues, the wrong is a new one. If Petitioner contends the new wrong warrants relief under § 2241, Petitioner may commence a *new* § 2241 action in this Court by filing a new petition with the applicable filing fee or an application to proceed *in forma pauperis*.

### Conclusion

For the reasons discussed above, the Court will enter a judgment granting Respondents' motion to dismiss and dismissing Petitioner's amended § 2241 petition for lack of jurisdiction.

Dated: January 13, 2026                                  /s/ Hala Y. Jarbou
                                                                        HALA Y. JARBOU
                                                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Petitioner also requested "immediate release from custody . . . ." (Am. Pet., ECF  No. 4, PageID.38.) But Petitioner did not claim that a person detained under § 1226(a) could not be detained at all. Rather, he claimed that he could not be detained without a bond hearing. The holding of the bond hearing also eliminated any claim for immediate release.